514 A.2d 1020

In Re: Appeal of Officer Keith N. Jordan from the order of the Lower Merion Township Civil Service Commission. Keith N. Jordan, Appellant.

Argued June 10, 1986, before Judges MACPHAIL and DOYLE, and Senior Judge ROGERS, sitting as a panel of three.

*J. Scott O'Keefe, O'Keefe & Bruno, P.C.,* for appellant.

*Gilbert P. High, Jr., High, Swartz, Roberts & Seidel,* for appellee.

OPINION BY JUDGE DOYLE, September 15, 1986:

This is an appeal by Keith N. Jordan from an order of the Court of Common Pleas of Montgomery County which upheld the order of the Civil Service Commission of Lower Merion Township (Commission) which sustained Jordan's thirty day suspension from his position as an officer with the Lower Merion Township Police Department (Department). On appeal Jordan alleges the same errors as he did before the trial court. Because we find that the trial court, which decided the case on the record made before the Commission, disposed of those issues in a well-reasoned and thorough analysis we affirm on the opinion of the Honorable ANITA B. BRODY published at 39 Pa. D. & C. 3rd 632 (1985). Judge BRODY held, in summary, that due process does not require a full blown hearing prior to the implementation of a suspension[1]; that Pa. R.C.P. No. 4001, pertaining to discovery, is inapplicable to the Commission; that Jordan was not prejudiced by the Commission's refusal to bifurcate his hearing or by the introduction of Jordan's prior disciplinary record; and that the Commission did not err in concluding that the Department had followed its own rules and regulations and in further concluding that the suspension was premised upon a valid legal basis and was justified.

ORDER

NOW, September 15, 1986, the order of the Court of Common Pleas of Montgomery County in the above captioned matter is hereby affirmed.

---

[1] In addition to the citational authority relied upon by the trial court for this issue, we also note that its disposition is not inconsistent with *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487 (1985), where the discipline was a termination of employment and not merely a suspension.